**Ex parte Harold Leo LeBLANC.**

No. 66468.

Court of Criminal Appeals of Texas, Panel No. 3.

April 22, 1981.

Rehearing Denied May 27, 1981.

Joe B. Goodwin, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered in a habeas corpus proceeding in the Criminal District Court of Jefferson County denying appellant bail pending appeal.

The record reflects that on June 6, 1980, appellant received a ten year sentence as a result of his conviction for burglary of a building. Notice of appeal was given and the court set bail pending appeal at $15,000.00. On September 26, 1980, the court held a hearing and rescinded its previous order allowing bail pending appeal. The court's action was based upon its finding that if appellant were released on bail pending appeal, he would be likely to commit another offense while on bail. See Art. 44.04(c), V.A.C.C.P.

At the hearing, Twalla LeBlanc testified that she was the wife of Hal Leo LeBlanc. She related that she was testifying voluntarily against her husband. LeBlanc stated that on August 31, 1980, her husband tried to stick the sharp end of a broken mop handle in her throat. She further related that he hit her in the face, chest and head with his fists. LeBlanc testified that she was in agreement with the State in trying to get "Hal" moved on to Huntsville "because he's bad."

Barbara LeBlanc testified that she was the aunt of Twalla LeBlanc. She related that Twalla came to her home on the night of August 31, 1980, and had a black eye, knot on her back and bloody ear. LeBlanc stated that while Twalla was at her home, she received a telephone call from Hal Le-Blanc. As Twalla spoke with the caller, LeBlanc listened on another telephone and heard the caller threaten to kill Twalla and "burn us all out." LeBlanc stated that she recognized the caller's voice as being that of Hal LeBlanc.

Initially, appellant contends the court was without authority to rescind its previous order allowing bond because "no conditions were placed on the defendant at the time of making bond." Without such conditions having been previously set, appellant maintains the court had no authority to vacate the previous order allowing bond pending appeal.

Art. 44.04(c), V.A.C.C.P., provides as follows:

"Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail."

In *Estrada v. State*, Tex.Cr.App., 594 S.W.2d 445, the defendant complained of conditions the court had placed on his bond pending appeal under the provisions of Art. 44.04(c), supra. The defendant's contention was rejected after this Court concluded that permitting conditions to be placed upon an appeal bond was constitutional so long as the conditions were reasonable. Likewise, in *Putnam v. State*, Tex.Cr.App., 582 S.W.2d 146, the defendant's contention that Art. 44.04(c), supra, is unconstitutionally vague and indefinite was rejected by this Court.

Art. 44.04(c), supra, acts so as to empower a court to set or deny bail pending appeal when the punishment assessed does not exceed fifteen years. In the event that bail pending appeal is granted, the statute further authorizes a court in its discretion to place conditions upon bail pending appeal. The placing of such conditions is not mandatory.

■ We thus reject appellant's contention that a court may rescind an earlier order allowing bail pending appeal only if conditions were set on that bail and one of the conditions was shown to have been violated. The plain wording of the statute empowers a court to deny bail during the pendency of an appeal when there is good cause to believe that a defendant would not appear when his conviction becomes final or is likely to commit another offense while on bail. Thus, in *Putnam v. State*, supra, the action of the court in rescinding an earlier order allowing bond was affirmed by this Court although no conditions had been placed on the appeal bond.

Appellant next contends the court erred in permitting his wife to testify against him. He maintains that she was disqualified as a witness under Art. 38.11, V.A.C. C.P.[1]

■ The instant proceeding was a hearing before the court without the intervention of a jury. In such a proceeding, it is presumed that the court disregarded any inadmissible evidence which was admitted. *Hernandez v. State*, Tex.Cr.App., 556 S.W.2d 337; *Kimithi v. State*, Tex.Cr.App., 546 S.W.2d 323. Thus, assuming arguendo that the testimony of Twalla LeBlanc was inadmissible under Art. 38.11, supra, it is presumed the court disregarded such evidence. Moreover, the testimony of Barbara LeBlanc is sufficient, in and of itself, to support the court's finding that appellant would be likely to commit another offense if released on bail pending appeal.

■ Finally, appellant contends that the evidence is insufficient to show that he was the person who assaulted LeBlanc. This contention is based upon the fact that appellant was never specifically identified as the husband of Twalla LeBlanc.

The record reflects that this hearing was held before the same judge who presided over appellant's trial for burglary. Appellant was the only party tried for the burglary and the only party to have bail pending appeal denied. This Court recently considered a similar issue in *Rohlfing v. State*, 612 S.W.2d 598 (1981) and stated:

"The record bears out that appellant and no other was on trial in this cause. No objection was made by appellant to the employed identification procedure. If it be appellant's contention that another person, and not he, was identified by the State's witnesses, and he does not so claim in his brief, we believe it was incumbent upon him, by objection to the identification procedure employed or by an offer of a bill of exception detailing the circumstances which would reflect any possible confusion or misidentification in the in-court identification process, to preserve the issue by making same part of the record. Appellant's contention is, therefore, overruled."

We conclude the evidence is sufficient to show that appellant is LeBlanc's husband. This contention is without merit.

Under the foregoing evidence we conclude that the trial court did not abuse its discretion in concluding that appellant is likely to commit another offense while on bail and rescinding the earlier order allowing appeal bond. No error is shown in the court's denial of bail for appellant pending appeal.

The judgment is affirmed.

---

1. That statute provides in part:

"... The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault of violence committed by one against the other or against any child of either under 16 years of age, ..."

TEAGUE, Judge, dissenting.

Because I do not choose to read Art. 44.04(c), V.A.T.C.C.P., the same way my fellow judges on this panel do, I must respectfully dissent.

I do not read this statute to allow a trial court to grant an appeal bond and then, at some later date, to rescind or revoke a posted bail bond for the reasons given here. I believe that what the statute provides for is that if a defendant is eligible for bail, but before he posts bail, the trial court determines there exists good cause to believe that the defendant would not appear when his conviction became final, or is likely to commit another offense while on bail, then it may deny bail, ab initio, subject to its decision being reviewed by this Court. If the defendant is eligible for bail, and bail is set, prior to the posting of bail the trial court may impose reasonable conditions pending the finality of his conviction, subject also to its decision in this regard being reviewed by this Court.

However, I do not read this statute to mean that once bail is set and posted then, at a later date, the trial court may rescind or revoke the posted bail bond. If conditions are set on an appeal bond and it is shown the defendant violated one or more of those conditions, then, of course, the trial court could rescind and revoke the posted bail bond, subject also to its decision in this regard being reviewed by this Court. However, in my interpretation of the statute, the court has the inherent power to order the accused to be rearrested, and require the defendant to give another bond in such amount as the trial court may deem proper if it finds from sufficient evidence, after a hearing, that the bail bond is defective, insufficient in amount, or that the sureties, if any, are no longer acceptable. However, I find no authority in the statute, in law, or under the facts here for the trial court to rescind its previous order allowing bail pending appeal and revoking appellant's posted bail.

I, therefore, respectfully dissent.