Justin Hughes ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–747–CR.

Court of Appeals of Texas,
Houston (14 Dist.).

Nov. 14, 1985.

Richard Powell, of Briscoe & Powell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, John H. Kyles, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Justin Hughes Robinson appeals the trial court's rescinding its earlier order allowing bail pending appeal. Appellant brings five grounds of error which in essence challenge (1) the court's authority to *revoke* bail on appeal; (2) the sufficiency of the evidence upon which the court revoked the appellant's bail; and (3) the due process afforded the appellant before his bail was revoked. We find no error and affirm.

On April 13, 1984, the trial court revoked appellant's two year probation for possession of a controlled substance and sentenced appellant to two years in the Texas Department of Corrections. The appellant gave notice of appeal and posted a $20,000 appeal bond. That appeal is presently pending before the Court of Criminal Appeals on a petition for discretionary review. On August 23, 1985, the appellant was

indicted for possession of a controlled substance. On August 26, 1985, the trial court conducted an evidentiary hearing on the State's Motion to Revoke Appeal Bond. The court granted the State's motion and the appellant brings this appeal.

■ Appellant's first two grounds of error challenge the court's authority to rescind its previous order allowing bail pending appeal. He argues that although Tex. Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp.1985) grants a trial court authority to *deny* bail and commit the defendant to custody after an appellant has given notice of appeal, that section nowhere grants the trial court authority to *revoke* bail that has already been granted. The appellant further argues that the bond itself did not give the trial court authority to revoke his bail. The appellant acknowledges that the trial court may place conditions on a bond and may revoke bail for a violation of those conditions. However, argues the appellant, since the court placed no condition on his bond, the court was still without authority to rescind the order allowing that bond. The Court of Criminal Appeals considered and rejected the same arguments in *Ex parte LeBlanc*, 615 S.W.2d 724, 726 (Tex. Crim.App.1981). Appellant's first two grounds of error are overruled.

■ At oral argument the appellant contended that once his appeal from the underlying conviction was perfected, jurisdiction over the cause vested in the appellate courts. Therefore, he concluded, the trial court was without jurisdiction to order his bond revoked. Contrary to appellant's assertion, a trial court does retain authority to act on an appeal bond. The authority granted the trial court under Article 44.04 is expressly excepted from the authority the Court of Criminal Appeals or the Courts of Appeals assume over a cause pending appeal. Tex.Code Crim.Proc.Ann. art. 44.11 (Vernon Supp.1985).

■ The appellant further argued at oral argument that Tex.Code Crim.Proc.Ann. art. 44.20 (Vernon 1979) places exclusive jurisdiction over appeal bonds in the court to which appeal is taken. We find this rule inapplicable. First, it applies only to forfeiture and collection of bonds. The appellant here does not complain of bond forfeiture. Second, Article 44.20 applies only when an appeal is taken from an inferior court to a county court. This article is grouped with articles which prescribe the procedure for trials de novo and appeals from justice and corporation courts. Moreover, if article 44.20 were given broader application, it would conflict squarely with article 44.11. We reject appellant's contentions at oral argument.

■ Appellant's third ground of error challenges the sufficiency of the evidence upon which the court revoked his appeal bond. Before the court were the appellant's prior conviction for possession of a controlled substance and his subsequent indictment for possession of a controlled substance. The record contains evidence sufficient to furnish the trial court with "good cause to believe that the defendant [was] likely to commit another offense while on bail ...," as required by Tex.Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp. 1985). *Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex.Crim.App.1981). Appellant's third ground of error is overruled.

In his fourth and fifth grounds of error, the appellant argues that the State's Motion to Revoke Appeal Bond violates due process because it fails to apprise the defendant of the ground on which the State seeks to revoke the appellant's appeal bond in that it contains no allegation that the defendant would likely commit another offense while on bail.

■ First, we note that nothing in Article 44.04(c) requires that the State or the trial court give notice or that the trial court hold a hearing prior to revoking bail. Thus, the State's motion in this case was not required, and any complaints to it by the appellant are irrelevant.

■ The Texas Court of Criminal Appeals recently recognized that in bail an appellant has an interest in liberty which requires the protection of the due process clause of the fourteenth amendment.

*Hunter v. State*, No. 770–85 pp. 3–4 (Tex. Crim.App. October 23, 1985). The court held that due process requires the trial court to provide the defendant with reasonable notice that it intends to *deny* bail pending appeal and to allow the defendant a meaningful opportunity to be heard. We believe the same protections must be afforded an appellant when the trial court intends to *revoke* bail pending appeal.

We find, however, that the appellant was afforded the due process of law. The trial court held an evidentiary hearing before revoking the appellant's bail. It is clear from the record that the appellant was aware the hearing was held to determine whether the court should revoke the appellant's bail and that the State was seeking to revoke the appellant's bail on the ground that the appellant was likely to commit another offense while on bail. Appellant's counsel first asked the court to dismiss the motion because it "totally and completely fails to allege why [the State is] seeking to revoke the appeal bond." Appellant's counsel then stated in the same paragraph "[t]here is no showing in the motion that there is any likelihood that this Defendant would commit a new offense...." Appellant's grounds of error number four and five are overruled.

We affirm the trial court's judgment rescinding its order which granted the appellant bail.