In re Jackie Keeter















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-097-CR

IN RE JACKIE RUSSELL KEETER

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Jackie Russell Keeter seeks a writ of mandamus compelling Respondent, the Honorable James
E. Morgan, Judge of the 220th District Court of Hamilton County, to rule on his motion for a
bench warrant so that Keeter can make an appeal bond following the reversal of his conviction.
BACKGROUND
      This Court issued an opinion on January 8, 2003 reversing Keeter’s conviction in the
underlying proceeding and remanding for a new trial. Keeter v. State, 97 S.W.3d 709 (Tex.
App.—Waco 2003), withdrawn, 2003 Tex. App. LEXIS 2961 (Tex. App.—Waco Apr. 3, 2003,
pet. filed). Pursuant to article 44.04(h) of the Code of Criminal Procedure, Keeter filed a motion
on January 22 requesting this Court to set bail. Tex. Code Crim. Proc. Ann. art. 44.04(h)
(Vernon Supp. 2003). The State filed a motion for rehearing on the same date.
      This Court denied the motion for rehearing on February 3. The Court granted Keeter’s
motion to set bail on February 6, setting bail at $30,000. Keeter filed a motion for a bench
warrant with Respondent on February 24 “so that he may be released on bail.” Respondent has
not ruled on this motion.
      The State filed a petition for discretionary review on March 5.


 Keeter filed this mandamus
proceeding on March 24. This Court withdrew its January 8 opinion and issued modified opinions
on April 3. Keeter, 2003 Tex. App. LEXIS 2961; see also Tex. R. App. P. 50. The State did not
file a motion for rehearing in response to the April 3 opinions. The State filed a second petition
for discretionary review on Monday, May 5.
APPLICABLE LAW
Mandamus Principles
      To obtain mandamus relief, a petitioner must establish that: (1) “the act sought to be
compelled is purely ‘ministerial’”; and (2) “he has no other adequate legal remedy.” State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding) (quoting State
ex rel. Hill v. Ct. of Apps. for the 5th Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig.
proceeding)). “[C]onsideration of a motion properly filed and before the court is ministerial.” 
Hill, 34 S.W.3d at 927 (quoting State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim.
App. 1987) (orig. proceeding)).
      A mandamus petitioner establishes that the respondent abused his discretion by failing to rule
on a motion if the petitioner shows that the respondent: (1) had a legal duty to rule on the motion;
(2) was asked to rule on the motion; and (3) failed or refused to do so. See In re Dimas, 88
S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); In re Chavez, 62 S.W.3d
225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); accord O’Connor v. First Ct. of Apps.,
837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).
      A trial judge has a reasonable time to perform the ministerial duty of considering and ruling
on a motion properly filed and before the judge. Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d
at 426. Whether the judge has acted within a “reasonable” period of time, depends on the
circumstances of the case. Id.
Bail After Reversal
      Article 44.04(h) provides:
If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in
custody, is entitled to release on reasonable bail, regardless of the length of term of
imprisonment, pending final determination of an appeal by the state or the defendant on
a motion for discretionary review. If the defendant requests bail before a petition for
discretionary review has been filed, the Court of Appeals shall determine the amount of
bail. If the defendant requests bail after a petition for discretionary review has been filed,
the Court of Criminal Appeals shall determine the amount of bail. The sureties on the
bail must be approved by the court where the trial was had. The defendant’s right to
release under this subsection attaches immediately on the issuance of the Court of
Appeals’ final ruling as defined by Tex. Cr. App. R. 209(c).

Tex. Code Crim. Proc. Ann. art. 44.04(h).
      According to this statute, a “defendant’s right to release under this subsection attaches
immediately on the issuance of the Court of Appeals’ final ruling as defined by Tex. Cr. App. R.
209(c).” Id. The former Rule 209(c) of the Texas Rules of Post Trial and Appellate Procedure
in Criminal Cases provided:
As used in these rules, “final ruling of the court” means (1) the 16th day after the
date of the delivery of the court’s opinion or order where a motion for rehearing is
permitted under Rule 208 but is not filed or rehearing is not granted on the court’s own
motion, (2) the day after the date of the overruling of a motion for rehearing where a
further motion for rehearing is not permitted under Rule 208, or (3) if a motion for
rehearing pursuant to Rule 208(d) is granted, the day after the date of the disposition of
the case on rehearing, whichever is later.

Tex. R. Crim. Post Trial & App. P. 209(c), 617-618 S.W.2d (Tex. Cases) xlvi-xlvii (1981,
repealed 1986).



      Article 44.20 provides, “The rules governing the taking and forfeiture of bail shall govern
appeal bonds, and the forfeiture and collection of such appeal bonds shall be in the court to which
such appeal is taken.” Tex. Code Crim. Proc. Ann. art. 44.20 (Vernon 1979). According to
this statute, appeal bonds are taken and forfeited under the same rules as trial bail bonds. 
Nevertheless, the Fourteenth Court of Appeals has held that article 44.20 does not apply in an
appeal before one of the intermediate courts of appeals. Robinson v. State, 700 S.W.2d 710, 712
(Tex. App.—Houston [14th Dist.] 1985, no pet.).
      In Robinson, the trial court revoked the appellant’s appeal bond. Id. at 711. He argued in
part that article 44.20 vests exclusive jurisdiction over appeal bonds in the court of appeals. Id.
at 712. The Houston court disagreed, holding that the statute: (1) “applies only to forfeiture and
collection of bonds”; (2) “is grouped with articles which prescribe the procedure for trials de novo
and appeals from justice and corporation courts” which indicates that it “applies only when an
appeal is taken from an inferior court to a county court”; and (3) “would conflict squarely with
[former] article 44.11” if construed otherwise. Id. We conclude that each of these premises is
incorrect.
      Article 44.20 does not limit itself to matters of “forfeiture and collection.” Rather, the statute
states that the rules for “the taking and forfeiture of bail” apply to appeal bonds “and the forfeiture
and collection” of appeal bonds shall be done by the appellate court. Tex. Code Crim. Proc.
Ann. art. 44.20 (emphasis added). Because Robinson did not involve the forfeiture of an appeal
bond, article 44.20 did not apply to that particular proceeding. See Robinson, 700 S.W.2d at 712.
      The placement of article 44.20 within Chapter 44 of the Code of Criminal Procedure does not
indicate a legislative intent that it be limited to appeals filed in the county courts. Each of the four
statutes immediately preceding article 44.20 expressly refers to appeals filed in the county courts. 
See Tex. Code Crim. Proc. Ann. art. 44.17 (Vernon Supp. 2003), art. 44.18 (Vernon 1979),
art. 44.181 (Vernon Supp. 2003), art. 44.19 (Vernon 1979). The statutes following article 44.20
(as originally enacted)


 referred to appeals in the Court of Criminal Appeals. See Code of
Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, arts. 44.21-44.44, 1965 Tex. Gen. Laws. 317,
515-19. The fact that article 44.20 does not expressly refer to appeals filed in the county courts
and its placement immediately before numerous other statutes which do not apply to such appeals
confirm that article 44.20 applies to appeals in the intermediate courts of appeals.
      The former article 44.11 read in pertinent part:
Upon the appellate record being filed in the Court of Criminal Appeals, all further
proceedings in the trial court, except as to bond as provided in Article 44.04 and the
proceedings in Article 40.09, shall be suspended and arrested until the judgment of the
Court of Criminal Appeals is received by the trial court.

Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 32, 1967 Tex. Gen. Laws 1732, 1748 (amended
1981) (current version at Tex. R. App. P. 25.2(g)).
      Article 44.04 authorizes a trial court to perform several functions with respect to an appeal
bond during the pendency of an appeal. Article 44.04 expressly permits the trial court to:
      •    “impose reasonable conditions on bail pending the finality of [the] conviction”;
 
      •    “revoke the bail” “[o]n a finding by the court on a preponderance of the evidence of a
violation of a condition”;
 
      •    “increase or decrease the amount of bail, as it deems proper, either upon its own motion
or the motion of the State or of the defendant”; and
 
      •    approve the sureties on an appeal bond executed after the reversal of a conviction.

Tex. Code Crim. Proc. Ann. art. 44.04(c), (d), (h) (Vernon Supp. 2003). 
      Because article 44.04 authorizes a trial court to perform several functions with respect to an
appeal bond, we perceive no conflict between article 44.11 and article 44.20. Therefore, we
conclude, “The rules governing the taking and forfeiture of bail shall govern appeal bonds” for
appeals filed in the intermediate courts of appeals. Id. art. 44.20.
Taking of Appeal Bond After Reversal
      According to the statutes “governing the taking . . . of bail,” the defendant “shall be given”
reasonable time to procure security. Id. art. 17.26 (Vernon 1977). The defendant and his surety
or sureties must personally sign the bail bond. Id. 17.28 (Vernon 1977). When the defendant
executes the bail bond, “he shall at once be set at liberty.” Id. 17.29(a) (Vernon 1977).
      From the above-cited statutes, two principles appear: (1) the defendant must personally sign
the bail bond; and (2) he must be released immediately. However, the Institutional Division of
the Department of Criminal Justice (TDCJ) has no authority to release a prisoner on bail. Rather,
TDCJ can release an inmate on:
      (1)  completion of sentence; Id. 42.10 (Vernon 1979), 43.13 (Vernon Supp. 2003); Tex.
Gov’t Code Ann. § 493.025 (Vernon Supp. 2003);
 
      (2)  pardon; Tex. Code Crim. Proc. Ann. art. 48.03 (Vernon Supp. 2003);
 
      (3)  parole or mandatory supervision; Tex. Gov’t Code Ann. § 493.025;
 
      (4)  a bench warrant; Tex. Code Crim. Proc. Ann. art. 24.13 (Vernon 1989), art.
56.12(a)(2) (Vernon Supp. 2003); or
 
      (5)  a writ of attachment. Id.

      In addition to the fact that no statute permits TDCJ to release an inmate on bail, TDCJ cannot
release an inmate on:
      (1)  an arrest warrant until he discharges his sentence or has been approved for release on
parole or mandatory supervision; Tex. Gov’t Code Ann. § 493.0145 (Vernon Supp.
2003); or
 
      (2)  an INS deportation warrant until he discharges his sentence or has been approved for
release on parole or mandatory supervision; Id.§ 493.015 (Vernon 1998).

      The only way by which the requisites of chapter 17 (governing bail) can be satisfied and an
inmate released from prison to make bail is by issuance of a bench warrant. Issuance of a bench
warrant authorizes TDCJ to release an inmate to the custody of the sheriff or other law
enforcement agent. See Tex. Code Crim. Proc. Ann. art. 56.12(a)(2). This officer can then
transport the inmate to the trial court where he can make bail under the procedures set out in
Chapter 17, as modified by Chapter 44.
Ripeness
      The State cites Waco Independent School District v. Gibson for the proposition that Keeter’s
request for a bench warrant is not ripe. 22 S.W.3d 849 (Tex. 2000). We agree with the State that
the jurisdictional requirement of ripeness applies to mandamus cases. See Perry v. Del Rio, 66
S.W.3d 239, 252 (Tex. 2001) (orig. proceeding). However, “a claim’s lack of ripeness when
filed is not a jurisdictional infirmity requiring dismissal if the case has matured.” Id.
      To the extent that this Court’s withdrawal of its January 8 opinion rendered Keeter’s bench
warrant request moot for the moment, the claim matured to ripeness sixteen days later when the
State failed to file a motion for rehearing. See Tex. Code Crim. Proc. Ann. art. 44.04(h); Tex.
R. Crim. Post Trial & App. P. 209(c) (repealed 1986). Thus, we reject the State’s claim that
Keeter’s request is not ripe. See Perry, 66 S.W.3d at 252.



APPLICATION
Ministerial Duty
      Keeter properly filed his motion for bench warrant with the district clerk. The district clerk
has advised a member of Keeter’s family that Respondent is aware of the motion but does not
intend to rule on it.


 Thus, the only question to be resolved is whether Respondent has failed to
rule on the motion within a reasonable period of time. See Chavez, 62 S.W.3d at 228; Barnes,
832 S.W.2d at 426.
      Under article 44.04(h), Keeter has a “clear and indisputable” “right to release” on bail which
attached on April 19, 2003, which was sixteen days after this Court issued its opinion. See Tex.
Code Crim. Proc. Ann. art. 44.04(h); Tex. R. Crim. Post Trial & App. P. 209(c) (repealed
1986). A trial court “has no discretion” to deny bail to a defendant entitled thereto under article
44.04(h). Ex parte Anderer, 61 S.W.3d 398, 400 (Tex. Crim. App. 2001).
      As explained hereinabove, a bench warrant is the only means by which an imprisoned
appellant can make bail following the reversal of his conviction. Over two months have passed
since Keeter’s right to release attached. Accordingly, we conclude that Respondent has failed to
rule on Keeter’s motion for bench warrant within a reasonable period of time.
Adequate Legal Remedy
      An application for writ of habeas corpus is another legal remedy available to Keeter. See
Banales v. Ct. of Apps. for the 13th Dist., 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig.
proceeding). However, “[a] technically available legal remedy will not defeat a petitioner’s
entitlement to mandamus relief when the remedy is ‘so uncertain, tedious, burdensome, slow,
inconvenient, inappropriate or ineffective as to be deemed inadequate.’” In re Davis, 990 S.W.2d
455, 457 (Tex. App.—Waco 1999, orig. proceeding) (quoting State ex rel. Holmes v. Ct. of Apps.
for the 3d Dist., 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (orig. proceeding) (quoting Smith
v. Flack, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding))). Applying this
standard, we conclude that habeas is not an “adequate” legal remedy under the circumstances of
Keeter’s case.
CONCLUSION
      The law imposes a ministerial duty on Respondent to consider and rule on Keeter’s motion
for bench warrant within a reasonable period of time. Respondent has failed to do so. Keeter has
no other adequate legal remedy. Accordingly, we conditionally grant the requested writ. The writ
will issue if Respondent fails to advise this Court in writing within fourteen days after the date of
this opinion that he has ruled on Keeter’s motion for a bench warrant.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Writ of mandamus conditionally granted
Opinion delivered and filed June 25, 2003
Publish
[CR25]