**In re Jackie Russell KEETER.**

**No. 10–03–097–CR.**

Court of Appeals of Texas,
Waco.

June 25, 2003.

Order Granting Rehearing and Denying
Mandamus Aug. 4, 2003.

---

4. Cherry Avenue did not request that a neutral interpreter be appointed.

Jackie Russell Keeter, Abilene, pro se.

Jeffrey L. Van Horn, Asst. Attorney General, Austin, B.J. Shepherd, Hamilton County District Attorney, Martin L. Peterson, Hamilton County Asst. District Attorney, Meridian, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Jackie Russell Keeter seeks a writ of mandamus compelling Respondent, the Honorable James E. Morgan, Judge of the 220th District Court of Hamilton County, to rule on his motion for a bench warrant so that Keeter can make an appeal bond following the reversal of his conviction.

## BACKGROUND

This Court issued an opinion on January 8, 2003 reversing Keeter's conviction in the underlying proceeding and remanding for a new trial. *Keeter v. State*, 97 S.W.3d 709 (Tex.App.-Waco 2003), *withdrawn*, 105 S.W.3d 137 (Tex.App.-Waco 2003, pet. filed). Pursuant to article 44.04(h) of the Code of Criminal Procedure, Keeter filed a motion on January 22 requesting this Court to set bail. TEX.CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon Supp.2003). The State filed a motion for rehearing on the same date.

This Court denied the motion for rehearing on February 3. The Court grant-ed Keeter's motion to set bail on February 6, setting bail at $30,000. Keeter filed a motion for a bench warrant with Respondent on February 24 "so that he may be released on bail." Respondent has not ruled on this motion.

The State filed a petition for discretionary review on March 5.[1] Keeter filed this mandamus proceeding on March 24. This Court withdrew its January 8 opinion and issued modified opinions on April 3. *Keeter*, 105 S.W.3d 137; *see also* TEX.R.APP. P. 50. The State did not file a motion for rehearing in response to the April 3 opinions. The State filed a second petition for discretionary review on Monday, May 5.

## APPLICABLE LAW

### MANDAMUS PRINCIPLES

To obtain mandamus relief, a petitioner must establish that: (1) "the act sought to be compelled is purely 'ministerial' "; and (2) "he has no other adequate legal remedy." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003) (orig. proceeding) (quoting *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex.Crim.App.2001) (orig. proceeding)). "[C]onsideration of a motion properly filed and before the court is ministerial." *Hill*, 34 S.W.3d at 927 (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim.App.1987) (orig. proceeding)).

A mandamus petitioner establishes that the respondent abused his discretion by failing to rule on a motion if the petitioner shows that the respondent: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to do so. *See In re Dimas*, 88

---

1. The State placed the PDR in the mail on March 5, 2003. This Court received it the next day. *See* TEX.R.APP. P. 9.2(b).

S.W.3d 349, 351 (Tex.App.-San Antonio 2002, orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Apps.,* 837 S.W.2d 94, 97 (Tex.1992) (orig. proceeding).

■ A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228; *Barnes,* 832 S.W.2d at 426. Whether the judge has acted within a "reasonable" period of time, depends on the circumstances of the case. *Id.*

### BAIL AFTER REVERSAL

Article 44.04(h) provides:

If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr.App. R. 209(c).

TEX.CODE CRIM. PROC. ANN. art. 44.04(h).

■ According to this statute, a "defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr.App. R. 209(c)." *Id.* The former Rule 209(c) of the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases provided:

As used in these rules, "final ruling of the court" means (1) the 16th day after the date of the delivery of the court's opinion or order where a motion for rehearing is permitted under Rule 208 but is not filed or rehearing is not granted on the court's own motion, (2) the day after the date of the overruling of a motion for rehearing where a further motion for rehearing is not permitted under Rule 208, or (3) if a motion for rehearing pursuant to Rule 208(d) is granted, the day after the date of the disposition of the case on rehearing, whichever is later.

TEX.R.CRIM. POST TRIAL & APP. P. 209(c), 617–618 S.W.2d (Tex. Cases) xlvi-xlvii (1981, repealed 1986).[2]

---

2. When we construe a statute, we begin with a presumption "that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App. 1997); *accord* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998). Thus, if a statute refers to a subsequently repealed statute or rule, "the meaning and scope of the referencing statute do not change, absent clear legislative intent to the contrary." *In re R.J.J.,* 959 S.W.2d 185, 186 (Tex.1998). The Legislature has amended article 44.04 twice since 1986, when the Court of Criminal Appeals repealed the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases and replaced them with the Texas Rules of Appellate Procedure. *See* Act of May 19, 1999, 76th Leg., R.S., ch. 546, 1999 Tex. Gen. Laws 3042; Act of Mar. 21, 1991, 72d Leg., R.S., ch. 14, § 284(50), 1991 Tex. Gen. Laws 42, 232. Nevertheless, the reference to former Rule 209(c) remains. This gives further credence to our conclusion that the time line for a "final ruling" under article 44.04(h) contin-

Article 44.20 provides, "The rules governing the taking and forfeiture of bail shall govern appeal bonds, and the forfeiture and collection of such appeal bonds shall be in the court to which such appeal is taken." Tex.Code Crim. Proc. Ann. art. 44.20 (Vernon 1979). According to this statute, appeal bonds are taken and forfeited under the same rules as trial bail bonds. Nevertheless, the Fourteenth Court of Appeals has held that article 44.20 does not apply in an appeal before one of the intermediate courts of appeals. *Robinson v. State*, 700 S.W.2d 710, 712 (Tex.App.-Houston [14th Dist.] 1985, no pet.).

In *Robinson*, the trial court revoked the appellant's appeal bond. *Id.* at 711. He argued in part that article 44.20 vests exclusive jurisdiction over appeal bonds in the court of appeals. *Id.* at 712. The Houston court disagreed, holding that the statute: (1) "applies only to forfeiture and collection of bonds"; (2) "is grouped with articles which prescribe the procedure for trials de novo and appeals from justice and corporation courts" which indicates that it "applies only when an appeal is taken from an inferior court to a county court"; and (3) "would conflict squarely with [former] article 44.11" if construed otherwise. *Id.* We conclude that each of these premises is incorrect.

Article 44.20 does not limit itself to matters of "forfeiture and collection." Rather, the statute states that the rules for "the *taking* and forfeiture of bail" apply to appeal bonds "*and* the forfeiture and collection" of appeal bonds shall be done by the

appellate court. Tex.Code Crim. Proc. Ann. art. 44.20 (emphasis added). Because *Robinson* did not involve the forfeiture of an appeal bond, article 44.20 did not apply to that particular proceeding. *See Robinson*, 700 S.W.2d at 712.

The placement of article 44.20 within Chapter 44 of the Code of Criminal Procedure does not indicate a legislative intent that it be limited to appeals filed in the county courts. Each of the four statutes immediately preceding article 44.20 expressly refers to appeals filed in the county courts. *See* Tex.Code Crim. Proc. Ann. art. 44.17 (Vernon Supp.2003), art. 44.18 (Vernon 1979), art. 44.181 (Vernon Supp. 2003), art. 44.19 (Vernon 1979). The statutes following article 44.20 (as originally enacted)[3] referred to appeals in the Court of Criminal Appeals. *See* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, arts. 44.21–44.44, 1965 Tex. Gen. Laws. 317, 515–19. The fact that article 44.20 does not expressly refer to appeals filed in the county courts and its placement immediately before numerous other statutes which do not apply to such appeals confirm that article 44.20 applies to appeals in the intermediate courts of appeals.

The former article 44.11 read in pertinent part:

Upon the appellate record being filed in the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04 and the proceedings in Article 40.09, shall be suspended and arrested until the judgment of the Court of Crim-

ues to be as it was under former Rule 209(c). *See Hardy*, 963 S.W.2d at 520.

**3.** The Legislature has amended the statutes immediately following article 44.20 on several occasions since 1965. When the Court of Criminal Appeals promulgated the Rules of Appellate Procedure in 1986, many of those provisions were repealed in favor of similar

provisions in the appellate rules. Those which remain, articles 44.25 to 44.47, apply to direct appeals in the intermediate courts of appeals or proceedings in the Court of Criminal Appeals. *See* Tex.Code Crim. Proc. Ann. arts. 44.25–44.47 (Vernon 1979 & Supp. 2003).

inal Appeals is received by the trial court.

Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 32, 1967 Tex. Gen. Laws 1732, 1748 (amended 1981) (current version at TEX. R.APP. P. 25.2(g)).

Article 44.04 authorizes a trial court to perform several functions with respect to an appeal bond during the pendency of an appeal. Article 44.04 expressly permits the trial court to:

- "impose reasonable conditions on bail pending the finality of [the] conviction";
- "revoke the bail" "[o]n a finding by the court on a preponderance of the evidence of a violation of a condition";
- "increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant"; and
- approve the sureties on an appeal bond executed after the reversal of a conviction.

TEX.CODE CRIM. PROC. ANN. art. 44.04(c), (d), (h) (Vernon Supp.2003).

■ Because article 44.04 authorizes a trial court to perform several functions with respect to an appeal bond, we perceive no conflict between article 44.11 and article 44.20. Therefore, we conclude, "The rules governing the taking and forfeiture of bail shall govern appeal bonds" for appeals filed in the intermediate courts of appeals. Id. art. 44.20.

## TAKING OF APPEAL BOND AFTER REVERSAL

According to the statutes "governing the taking . . . of bail," the defendant "shall be given" reasonable time to procure security. Id. art. 17.26 (Vernon 1977). The defendant and his surety or sureties must personally sign the bail bond. Id. 17.28 (Vernon 1977). When the defendant executes the bail bond, "he shall at once be set at liberty." Id. 17.29(a) (Vernon 1977).

■ From the above-cited statutes, two principles appear: (1) the defendant must personally sign the bail bond; and (2) he must be released immediately. However, the Institutional Division of the Department of Criminal Justice (TDCJ) has no authority to release a prisoner on bail. Rather, TDCJ can release an inmate on:

(1) completion of sentence; Id. 42.10 (Vernon 1979), 43.13 (Vernon Supp. 2003); TEX. GOV'T CODE ANN. § 493.025 (Vernon Supp.2003);

(2) pardon; TEX.CODE CRIM. PROC. ANN. art. 48.03 (Vernon Supp.2003);

(3) parole or mandatory supervision; TEX. GOV'T CODE ANN. § 493.025;

(4) a bench warrant; TEX.CODE CRIM. PROC. ANN. art. 24.13 (Vernon 1989), art. 56.12(a)(2) (Vernon Supp.2003); or

(5) a writ of attachment. Id.

In addition to the fact that no statute permits TDCJ to release an inmate on bail, TDCJ cannot release an inmate on:

(1) an arrest warrant until he discharges his sentence or has been approved for release on parole or mandatory supervision; TEX. GOV'T CODE ANN. § 493.0145 (Vernon Supp.2003); or

(2) an INS deportation warrant until he discharges his sentence or has been approved for release on parole or mandatory supervision; Id. § 493.015 (Vernon 1998).

The only way by which the requisites of chapter 17 (governing bail) can be satisfied and an inmate released from prison to make bail is by issuance of a bench warrant. Issuance of a bench warrant authorizes TDCJ to release an inmate to the custody of the sheriff or other law enforcement agent. See TEX.CODE CRIM. PROC. ANN. art. 56.12(a)(2). This officer can then

transport the inmate to the trial court where he can make bail under the procedures set out in Chapter 17, as modified by Chapter 44.

## RIPENESS

The State cites *Waco Independent School District v. Gibson* for the proposition that Keeter's request for a bench warrant is not ripe. 22 S.W.3d 849 (Tex.2000). We agree with the State that the jurisdictional requirement of ripeness applies to mandamus cases. *See Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001) (orig. proceeding). However, "a claim's lack of ripeness when filed is not a jurisdictional infirmity requiring dismissal if the case has matured." *Id.*

To the extent that this Court's withdrawal of its January 8 opinion rendered Keeter's bench warrant request moot for the moment, the claim matured to ripeness sixteen days later when the State failed to file a motion for rehearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(h); TEX.R.CRIM. POST TRIAL & APP. P. 209(c) (repealed 1986). Thus, we reject the State's claim that Keeter's request is not ripe. *See Perry*, 66 S.W.3d at 252.[4]

## APPLICATION

### MINISTERIAL DUTY

Keeter properly filed his motion for bench warrant with the district clerk. The district clerk has advised a member of

Keeter's family that Respondent is aware of the motion but does not intend to rule on it.[5] Thus, the only question to be resolved is whether Respondent has failed to rule on the motion within a reasonable period of time. *See Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426.

Under article 44.04(h), Keeter has a "clear and indisputable" "right to release" on bail which attached on April 19, 2003, which was sixteen days after this Court issued its opinion. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(h); TEX.R.CRIM. POST TRIAL & APP. P. 209(c) (repealed 1986). A trial court "has no discretion" to deny bail to a defendant entitled thereto under article 44.04(h). *Ex parte Anderer*, 61 S.W.3d 398, 400 (Tex.Crim.App.2001).

As explained hereinabove, a bench warrant is the only means by which an imprisoned appellant can make bail following the reversal of his conviction. Over two months have passed since Keeter's right to release attached. Accordingly, we conclude that Respondent has failed to rule on Keeter's motion for bench warrant within a reasonable period of time.

### ADEQUATE LEGAL REMEDY

An application for writ of habeas corpus is another legal remedy available to Keeter. *See Banales v. Ct. of Apps. for the 13th Dist.*, 93 S.W.3d 33, 36 (Tex.Crim. App.2002) (orig. proceeding). However, "[a] technically available legal remedy will

---

4. The Court of Criminal Appeals often looks to the decisions of the Supreme Court for guidance in mandamus matters. *E.g., State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 926 (Tex.Crim.App.1994) (orig. proceeding) (citing *Callahan v. Giles*, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941) (orig. proceeding)); *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim.App.1987) (orig. proceeding) (citing *Callahan*, 137 Tex. at 575, 155 S.W.2d at 795). We do likewise. *E.g., In re Wise*, 20 S.W.3d 894, 895 (Tex.App.-Waco 2000, orig. proceeding).

5. Keeter makes this factual assertion in his mandamus petition. The State does not dispute this assertion. Accordingly, we take the assertion as true. *See* TEX.R.APP. P. 52.4(b) (mandamus "response need not include ... a statement of the facts unless the responding party is dissatisfied with that portion of the petition.").

not defeat a petitioner's entitlement to mandamus relief when the remedy is 'so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.' " *In re Davis*, 990 S.W.2d 455, 457 (Tex.App.-Waco 1999, orig. proceeding) (quoting *State ex rel. Holmes v. Ct. of Apps. for the 3d Dist.*, 885 S.W.2d 389, 394 (Tex.Crim.App.1994) (orig. proceeding) (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex.Crim.App.1987) (orig. proceeding))). Applying this standard, we conclude that habeas is not an "adequate" legal remedy under the circumstances of Keeter's case.

## CONCLUSION

The law imposes a ministerial duty on Respondent to consider and rule on Keeter's motion for bench warrant within a reasonable period of time. Respondent has failed to do so. Keeter has no other adequate legal remedy. Accordingly, we conditionally grant the requested writ. The writ will issue if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has ruled on Keeter's motion for a bench warrant.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

Keeter wants out of prison on bail pending the final determination of his appeal. After the original opinion,[1] in response to Keeter's request, this Court set the amount of bail. That opinion on the merits was withdrawn and was replaced by a new one. Before the opinion was withdrawn, Keeter filed a motion in the trial court requesting that he be bench warranted back to the county of conviction. His specific purpose for wanting to be bench

warranted is unknown, though we have all assumed it was so he could attend to the process necessary to be released by posting bond in the required amount and satisfaction of the other conditions set by the trial court including approval of the sureties. The trial court has not ruled on the motion for a bench warrant.

I will not delay the result in this proceeding with a long and lengthy analysis of all the problems with the majority opinion. I will discuss some of them only briefly, relying in large part on the authority the majority tries to distinguish in its opinion.

In short, Keeter has asked for assistance from this court so that he can pursue bail pending appeal. The foundation of his request is an opinion that has been withdrawn. It seems to me that makes his existing request moot. The majority issued a new opinion and judgment. Keeter needs to make a new request based on the current opinion of the majority. How could making a ruling on a motion which is based upon an opinion and judgment that no longer exist be a mandatory task?

Further, a substantial question exists, since Keeter did not make a request to this Court to set bail based upon the current opinion of the majority of this Court prior to the State having filed a petition for discretionary review of that opinion, whether Keeter's request to have bail pending appeal should be made to this Court or the Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 44.04(h) (Vernon Pamp.2003).

Even further, the majority engages in a lengthy analysis of why Keeter is entitled to a bench warrant. The majority discusses why Keeter must be returned to the county and trial court and what Keeter must be allowed to do while there. Basi-

---

1. The majority's first opinion was actually reversed on the State's petition for discretionary review. The opinion referenced was actually the original majority opinion on remand.

cally they hold that he can only sign documents in person if present in the court room. The majority assumes Keeter will meet the amount of his bail obligation with a bond and then engages in extensive dicta as to why it is necessary that the bond be personally signed in Hamilton County where he was convicted rather than the county where he is incarcerated. Multi-million dollar deals are routinely conducted with original signatures obtained through the mail. And the signature of Keeter on the bond is not the last event necessary before release as apparently assumed by the majority. At the very least, the sureties on his bond must be approved. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Pamp.2003). Surely all the paper work necessary to get Keeter in a position to be released on bail, if he can meet the conditions necessary for release, and it may be no small task to find satisfactory sureties for his bond, could be completed by mail. And when it appears that all the paper work is complete, then he could be bench warranted back to Hamilton County for immediate release on bail pending appeal.

Thus, even if the bail we set in connection with the first opinion is applicable to our second opinion, notwithstanding he has made no request for bail based upon our second opinion, and even if the request for bail would therefore be properly addressed to this Court, there is no need to bench warrant him back to Hamilton County until it is apparent that he has met all the conditions necessary for release. Until such time as he has established that he has otherwise met the conditions necessary to be released on bail, his presence in Hamilton County is not required. Thus, a ruling on the motion is unnecessary at this time and certainly does not warrant the issuance of a mandamus in this circumstance.

For the reasons expressed, I respectfully dissent.

## OPINION ON REHEARING

REX D. DAVIS, Chief Justice.

By opinion and judgment dated June 25, 2003, this Court conditionally granted Jackie Russell Keeter's petition for a writ of mandamus compelling Respondent, the Honorable James E. Morgan, Judge of the 220th District Court of Hamilton County, to rule on his motion for a bench warrant so that Keeter can make an appeal bond following the reversal of his conviction. Respondent has requested that the Court reconsider its ruling because of an underlying factual dispute.

To obtain mandamus relief, a petitioner must establish that: (1) "the act sought to be compelled is purely 'ministerial' "; and (2) "he has no other adequate legal remedy." *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App. 2003) (orig.proceeding) (quoting *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001) (orig.proceeding)). An act is not "purely ministerial" if the relevant facts are disputed. *Hill,* 34 S.W.3d at 927–28 & n. 4 (citing *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 898–900 (Tex.Crim.App.1985) (orig.proceeding)).

The parties dispute whether Keeter has presented any sureties to Respondent for his approval. Because of this factual dispute, Keeter is not entitled to the relief sought. *Id.*

Accordingly, we grant Respondent's motion for rehearing and deny the petition.