**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00355-CR**
_____

**CARLA CULVER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR1647**
_____

**MEMORANDUM OPINION**

In this accelerated appeal, Carla Culver ("Culver" or "Appellant") appeals the trial court's decision to deny bail pending appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(g). A grand jury indicted Culver for aggravated assault causing serious bodily injury, a second-degree felony.[1] *See* Tex. Penal Code Ann. § 22.02(a)(1).

---

[1] We take judicial notice of the appellate record in Culver's underlying appeal. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (an appellate court

1

Culver pleaded "not guilty" to the charge, but a jury found her guilty of the offense as charged in the indictment. The jury assessed punishment at eight years of incarceration, and the trial court sentenced Culver in accordance with the jury's verdict. Culver filed a motion for new trial.[2] On August 6, 2025, Culver's trial attorney sent the trial court a written request for the trial court to set a bond pending Culver's appeal. On August 8, 2025, the trial court signed an order granting Culver's request for bail on appeal and set a bond at $20,000. On September 9, 2025, after multiple hearings, the trial court rescinded the trial court's previous order granting Culver bail on appeal, and the trial court denied bail pending appeal. Culver timely appealed the trial court's rescission of its earlier order allowing bail on appeal. In two issues, Culver argues that the trial court abused its discretion in rescinding Culver's bail pending her direct appeal and committed reversible error in denying bail pending her direct appeal. For the reasons explained below, we affirm.

---

may take judicial notice of its own records in the same or related proceedings involving the same or nearly same parties).

[2] In her motion for new trial, Culver argued that she was entitled to a new trial because (1) the trial court "misdirected the jury about the law" when instructing the jury; (2) the trial court made improper comments during the trial that constituted "material error" that likely injured Culver's rights; (3) the verdict was contrary to the law and evidence; (4) the trial court disallowed two material defense witnesses from testifying; (5) the vehicle identified as the deadly weapon by the trial court was never produced to the defense or the jury; and (6) the cumulative errors during the trial effectively denied Culver a fair trial.

## Standard of Review

We review the trial court's decision regarding appeal bonds under an abuse of discretion standard of review. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). An appellate court does not substitute its judgment for that of the trial court, but we ask whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether it was arbitrary or unreasonable. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). If the trial court's decision is within the zone of reasonable disagreement, we must uphold the decision of the trial court even if we would have reached a different result. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

## Analysis

In Culver's first issue, she argues the trial court abused its discretion in rescinding Culver's bail pending her direct appeal. In her second issue, she argues the trial court committed reversible error "in failing to admit [A]ppellant to bail pending her direct appeal." She briefed the two issues together, and we will address both issues together. According to Culver, the trial court arbitrarily denied her bail and due process, and the trial court denied an appeal bond on an unlawful basis—the fact that Culver's case involved the use of a deadly weapon.

The State argues that the trial court has discretion to change its mind and upon review, the trial court concluded that the initial grant of a bond was improper, and that the trial court found that it was within his discretion to rescind the bond. According to the State, the recission of the bond was "procedurally proper, with notice, representation, and multiple hearings, satisfying due process[,]" and the nature of Culver's underlying offense and her criminal record including a previous probation revocation provided sufficient support for the trial court to find good cause to deny bail either due to Culver's risk of reoffending or due to her risk of failing to reappear.

The primary objective of an appeal bond is to secure the appellant's apprehension if that appellant's conviction is subsequently affirmed. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). Convicted felons are not guaranteed the right to bail under the Texas Constitution. *See Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); *see also* Tex. Const. art. I, § 11. Article 44.04(b) renders a convicted felon ineligible for bail pending appeal where punishment of more than ten years of confinement has been assessed, or the conviction is for an offense listed under article 42A.054(a). *See* Tex. Code Crim. Proc. Ann. art. 44.04(b). In cases where the assessed punishment for a felony conviction is ten years or less, the trial court has discretion to modify bail, set a reasonable bail, deny bail, revoke existing bail, or impose reasonable conditions on

4

bail. *Id.* art. 44.04(c), (d). The authority granted in article 44.04(c) allows a trial court to rescind an earlier order allowing bond even in situations other than when a condition was violated. *See Ex parte LeBlanc*, 615 S.W.2d 724, 726 (Tex. Crim. App. 1981) (rejecting appellant's contention that a court may not rescind an earlier order allowing bail pending appeal unless conditions were set on that bail and one of the conditions was shown to have been violated); *Robinson v. State*, 700 S.W.2d 710, 712 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (citing *Ex parte LeBlanc* and rejecting appellant's argument that since the court placed no condition on his bond, the trial court was still without authority to rescind the order allowing that bond).

In determining what constitutes reasonable bail on appeal, the trial court considers factors including the length of the sentence, the nature of the offense, the appellant's work record, family ties, and length of residency, her ability to make bail, her prior criminal record and conformity with previous bond conditions, and any aggravating factors in the offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. Additionally, the trial court may deny bail altogether if there exists good cause to believe that the defendant would not appear when her conviction became final or is likely to commit another offense while on bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c).

Because Culver was sentenced to eight years in prison and her conviction did not involve offenses listed in article 42A.054(a), she was eligible for bail pending her appeal. *See id.* art. 44.04(b). Nevertheless, the trial court had discretion to deny bail if the trial court believed Culver would not appear when the conviction became final or Culver would be likely to commit another offense while on bail. *See id.* art. 44.04(c). In rescinding the prior order granting bail on appeal and then denying bail on appeal, the trial judge stated that his prior order granting bail was based on the assertions made in Culver's motion for new trial about what had transpired during the trial, but the trial judge's decision to grant bail was made prior to the trial transcript being available to him. The trial judge stated that after he received and then read the trial transcript, he determined there were "discrepancies [between Culver's motion for new trial and the trial transcript,]" and the trial judge changed his mind about granting bail on appeal after determining that Culver's motion for new trial did not accurately reflect what transpired at trial.

We conclude the trial court had the authority to rescind its previous order granting bail pending appeal. *See Ex parte LeBlanc*, 615 S.W.2d at 726; *Robinson*, 700 S.W.2d at 712. That said, we still must determine whether the trial court abused its discretion in deciding to deny bail pending appeal. A trial court may deny bail if there exists good cause to believe that the defendant would not appear when her conviction became final or is likely to commit another offense while on bail. *See*

6

Tex. Code Crim. Proc. Ann. art. 44.04(c). Additionally, it is well established that if a correct ruling is made by the trial court but it is for the wrong reason, it will not result in a reversal. *Ex parte Reasor*, 278 S.W.3d 460, 462-63 (Tex. App.—San Antonio 2009, no pet.) (citing *Calloway v. State*, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988)). If the decision is correct on any theory of law applicable to the case it will not be disturbed on appeal. *Id.*

At the hearing when the trial judge rescinded his earlier order and then denied Culver bail on appeal, the following exchange occurred:

> THE COURT: [Defense counsel], the initial decision that was made for no bond on appeal was because of deadly weapon used. I've always done that. If I open the door for one, I open the door for everybody. It has been for 18-1/2 years [my] rule. The - - when a deadly weapon is used, then there is not an appeal bond granted. When you can find one otherwise, let me know but I know what it is. And that's why I did that. That's why it was not set.
>
> It was set because of the motion to - - for new trial that was not compared to the transcript. And I relied on that. And that's why I called everybody together as soon as possible . . . . But we compared the [trial] transcript to your motion [for] new trial. The statements in [the] motion [for] new trial, I pointed out the discrepancies why that had changed my mind. And that - - the transcript speaks for itself. It's accurate. And that's why this Court is placing the defendant in the same position all defendants are in . . . when they are convicted of a crime where a deadly weapon was used.
>
> . . . .
>
> And I asserted my discretion after your motion for new trial was filed. And that discretion was misapplied, and I explained that. . . . We're back to where we were before. This is a deadly weapon that was used in the commission of an offense, and the jury found [Culver] guilty. And I'm treating her like I treated . . . everybody else for 18-1/2 years. . . . [W]hat's fair for one is fair for all. All right. That's what the Court's decision is. I'm denying your relief. We're in recess on this.

7

Based on the record, including the trial transcript, the nature of the offense, the underlying facts, and the deadly weapon finding, as well as her prior history in failing to comply with the terms of a prior misdemeanor probation, we conclude the trial judge could have reasonably concluded that good cause existed to believe that Culver either would not appear when her conviction became final or that she is likely to commit another offense while on bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c). Culver was convicted of aggravated assault causing serious bodily injury. In Culver's trial, the trial court heard evidence that Culver had failed to make payments on the vehicle she had purchased, and the vehicle was in repossession. Culver encountered the man that sold her the vehicle when she was out one night, and she and another man tried to hide the vehicle in a parking lot behind a nearby business to avoid repossession. According to testimony at trial, despite her attempts to conceal the vehicle, the man who sold her the vehicle had followed her and he argued with her and then opened the hood to disable the vehicle's engine. Culver started the vehicle's engine, reversed the vehicle and then pulled forward, striking the man who was under the vehicle's hood. During the punishment phase of the trial, Culver testified that she failed to complete probation for a prior misdemeanor theft conviction and was sentenced to a year in county jail. The State argued at the bail hearing that Culver "couldn't even follow th[e] rules on just a simple misdemeanor

8

probation[]" regarding a prior misdemeanor probation which was revoked, and that bail should be denied "for the safety of everyone involved."[3]

A trial court may consider the defendant's prior criminal history and the facts of the underlying case, including the jury's finding that there was a deadly weapon used in the offense, when making a determination to deny bail on appeal and in concluding that there exists good cause to believe that the defendant would not appear when the defendant's conviction became final or that the defendant is likely to commit another offense while on bail. *See, e.g.*, *Evans v. State*, Nos. 05-20-00972-CR & 05-20-00973-CR, 2021 Tex. App. LEXIS 2340, at **2-5 (Tex. App.—Dallas Mar. 26, 2021, no pet.) (mem. op., not designated for publication) (trial court did not abuse its discretion in denying bail under section 44.04(c) when no evidence was presented at the bail hearing but the parties made arguments as to bail on appeal based on the trial court's previous history with the defendant who was convicted of two counts of aggravated assault with a deadly weapon, and the trial court could have reasonably inferred from the defendant's past history that he would likely commit other offenses while on bail); *Ex parte Mendiola*, 961 S.W.2d 625, 627-28 (Tex. App.—San Antonio 1998, no pet.) (In rejecting the defendant's argument that it was inappropriate to consider the nature of the underlying offense when

---

[3] We note that defense counsel did not object or disagree at the bail hearing to the State's characterization of Culver's criminal history.

9

determining whether to deny bail, the appellate court concluded that consideration of the nature of the underlying offense was proper because article 44.04(c) allows the denial of bail upon the belief of the likelihood that the defendant will commit a crime while on bail and that it is logical that the nature of the offense is relevant.); *Short v. State*, 923 S.W.2d 168, 168-69 (Tex. App.—Fort Worth 1996, no pet.) (trial court did not abuse its discretion in denying bond pending appeal under former statute; the defendant was convicted of aggravated assault with a deadly weapon and the trial court based the decision to deny bond on the underlying offense and evidence presented in the trial of the offense); *see also* Tex. Code Crim. Proc. Ann. art. 44.04(c). Here, the trial court could have reasonably inferred, based on Culver's criminal history and the facts of the underlying offense involving her attempt to avoid the repossession and her use of the vehicle as a deadly weapon to assault the victim, that good cause exists to believe that Culver would not appear when her conviction became final or is likely to commit another offense while on bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c). We overrule both issues and affirm the trial court's denial of Culver's bail on appeal.

AFFIRMED.

LEANNE JOHNSON<br>Justice

Submitted on December 5, 2025
Opinion Delivered January 14, 2026
Do Not Publish
Before Johnson, Wright and Chambers, JJ.