Petition for Writ of Mandamus
Denied and Memorandum Opinion filed March 2, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00144-CR

____________

 

IN RE ERIC DAVID LOFLAND, Relator

 

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On February 18, 2010, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the Honorable Jan Krocker, presiding judge of the 184th District
Court of Harris County, to rule on his “Ex Parte Motion to Produce Viewable
Crime Scene Photos for Subsequent § 11.07, Actual Innocence.”

To be entitled to mandamus relief, a relator must show that he has no
adequate remedy at law to redress his alleged harm, and what he seeks to compel
is a ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)
(op. on reh’g).  A relator must establish that the trial court (1) had a legal
duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed
to rule.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig.
proceeding).  A relator must show that the trial court received or was asked to
rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo
2003, orig. proceeding).

            The motion is attached to relator’s petition.  The
certificate of service indicates it was mailed July 6, 2009.  However, the
motion does not bear the file stamp of the Harris County District Clerk.[1] 
Therefore relator has not demonstrated the motion was actually filed, and is
pending, in the trial court.  

Relator has not established he is entitled to mandamus
relief.  Accordingly, we deny relator’s petition for writ of mandamus. 

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges, Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Relator claims he mailed the motion and requested a file-stamped copy of his
motion and sent relatives to the clerk’s office to check on the motion, to no
avail. It appears the motion may have been lost or misplaced and relator should
re-file the motion in the trial court, requesting a ruling.