Petition for Writ of Mandamus Denied and
Memorandum Opinion filed May 27, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00432-CR

NO.
14-10-00433-CR



 

ex parte Reginald Johnson,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
May
17, 2010,
relator,
Reginald Johnson, filed a petition for
writ of mandamus in this Court.  See Tex. Gov’t Code Ann. §22.221
(Vernon 2004); see also Tex. R. App. P. 52.  In the petition, relator
asks this Court to compel the Honorable Hazel Jones, presiding judge of the 338th
District Court of Harris
County, to rule on his pending pre-conviction applications for writ of habeas. 


            Relator
states that, in December 2009, he filed two pre-conviction applications for
writ of habeas corpus seeking to reduce the bond for the offenses of theft and
engaging in organized criminal activity.  

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  

Relator has not provided a sufficient record in this
original proceeding.  Relator has not filed any sworn or certified copies of
documents supporting his claim that he is entitled to mandamus relief.  See
Tex. R. App. P. 52.7(a)(1) (requiring relator to file with petition certified
or sworn copy of every document that is material to relator’s claim for relief
and that was filed in any underlying proceeding).  Furthermore, relator has not
included a file-stamped copy of either application for writ of habeas corpus
with his petition and, therefore, has not demonstrated that his applications
for writ of habeas corpus are pending in the trial court.  Even if relator had
provided file-stamped copies of his applications for writ of habeas corpus, he
has not shown that the trial court received, was aware of, and was asked to
rule on his applications for writ of habeas corpus.  

 

 

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Boyce.

Do Not Publish—Tex. R. App. P. 47.2(b).