Petition for Writ of Mandamus Denied and
Memorandum Opinion filed June 1, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00404-CR



In Re Ralph Arnold Jackson,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
May 11, 2010, relator, Ralph Arnold Jackson, filed a petition for writ of
mandamus in this Court.  See Tex. Gov’t Code Ann. §22.221 (Vernon 2004);
see also Tex. R. App. P. 52.  In the petition, relator asks this Court
to compel the Honorable Kevin Fine, presiding judge of the 177th District Court
of Harris County, to provide him with the record of his trial in which he was
convicted of theft or, in the alternative, order that relator be brought to the
court so that he can read and copy the record or have it copied.[1]  

            Relator
states he filed a motion for production of records and an application for writ
of habeas corpus ad testificandum in the trial court.  In a memorandum response
to correspondence that was received from relator on June 13, 2008, the Harris
County District Clerk advised relator to “Please contact your appeal attorney
Keisha Smith . . . regarding your copy of the trial transcript.”  Relator wrote
Smith requesting that she provide him with his trial record, but she did not
respond to his request.  

            Relator
complains that he has not received any response from the trial court informing
him of the disposition of his motion for production of records or his
application for writ of habeas corpus ad testificandum.  Relator requests that
we compel the trial court to provide him with the trial record or, in the
alternative, order that relator be brought to the court so that he can read and
copy the record or have it copied.  

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  

            Relator
has not provided a sufficient record in this original proceeding.  He has not
provided file-stamped copies of his motion for production of records or his
application for writ of habeas corpus ad testificandum demonstrating that these
motions are actually pending in the trial court.  Relator requests that we
compel the trial court to forward his motion for production of records and
application for writ of habeas corpus ad testificandum to this court.  However,
it is relator’s responsibility to file the record with his petition for writ of
mandamus.  See Tex. R. App. P. 52.7(a)(1) (requiring relator to file
with petition certified or sworn copy of every document that is material to
relator’s claim for relief and that was filed in any underlying proceeding).  Furthermore,
relator has not shown that the trial court received, was aware of, and was
asked to rule on his motion for production of records and application for writ
of habeas corpus ad testificandum.  Moreover, while we have jurisdiction to
direct the trial court to rule on a motion, we may not tell the trial court how
to rule on such motion.  See In re Ramirez, 994 S.W.2d 682, 684 (Tex.
App.—San Antonio 1988, orig. proceeding).  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish—Tex. R. App. P. 47.2(b).  









[1] This
court affirmed relator’s conviction for felony theft and 15-year prison
sentence.  See Jackson v. State, No. 14-08-00433-CR, 2009 WL 3050588
(Tex. App.—Houston [14th Dist.] Sept.10, 2009, no pet.) (not designated for
publication).