Petition for Writ of Mandamus Denied and
Memorandum Opinion filed August 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00749-CR

NO. 14-10-00750-CR



 

In Re RONALD CLIFTON WORD,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

            On
August 10, 2010, relator, Ronald Clifton Word, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the presiding judge of the 178th
District Court of Harris
County to rule on two motions to set aside and vacate a void judgment.  

            Relator
states in his petition that he filed his motions on March 31, 2010.  To be
entitled to mandamus relief, a relator must show that he has no adequate remedy
at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  

            Relator
has not provided a sufficient record in this original proceeding.  Relator has
not provided file-stamped copies of his motions demonstrating that the motions
are actually pending in the trial court.  Moreover, relator has not shown that
the trial court received the motions, was aware of the motions, and was asked
to rule on them.[1] 


Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Sullivan.

Do Not Publish—Tex. R. App. P. 47.2(b).









[1]
Relator also claims, without support in the record, that he received notice
from clerk of the court that the same motions which he complains that trial has
not ruled on were denied by the trial court.  To the extent that relator
complains about the denial of his motions to set aside and vacate a void
judgment, we cannot consider the issue.  See Ater v. Eighth Court of Appeals,
802 S.W.241, 243 (Tex. Crim. App. 1991 (orig. proceeding) (“[The Texas Court of
Criminal Appeals is] the only court with jurisdiction in final post-conviction felony
proceedings.”).