Petition for Writ of Mandamus
Denied and Memorandum Opinion filed October 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00909-CR

____________

 

IN RE EDDIE BROWN, JR., Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On September 22, 2010, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the Honorable Lonnie Cox, presiding judge of the 56th District
Court of Galveston County, to remove his appointed counsel from his case.

            Relator does not claim to have filed a motion for appointment
of new counsel and no such motion is attached to the petition for writ of
mandamus.  To be entitled to mandamus relief, a relator must show that he has
no adequate remedy at law to redress his alleged harm, and what he seeks to
compel is a ministerial act, not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding).  Consideration of
a motion that is properly filed and before the court is a ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App.1987)
(orig.proceeding) (op. on reh'g).  A relator must establish the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App. -- Waco
2003, orig. proceeding).  A relator must show that the trial court received, was aware of, and
asked to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex.
App. -- Amarillo 2003, orig. proceeding).  

Absent a showing the trial court is aware of and been asked
to rule on a motion, relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel consists
of Justices Seymore, Boyce, and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).