Petition for Writ of Mandamus
Denied and Memorandum Opinion filed January 25, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00012-CR

____________

 

RODNEY D. THOMAS, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

179th District Court

Harris County, Texas

Trial Court Cause No. 1061841

 

 

 



M E M O R
A N D U M   O P I N I O N

            On January 7, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator requests we compel the
Honorable Randy Roll, the presiding judge of the 179th District Court, Harris
County, Texas, to correct the judgment in trial court cause 1061841, styled State
of Texas v. Rodney D. Thomas, in accordance with his “DEFENDANT’S MOTION
FOR NUNC PRO TUNC CORRECTION OF JUDGMENT.”

            To be entitled to mandamus relief, a relator must show that
he has no adequate remedy at law to redress his alleged harm, and what he seeks
to compel is a ministerial act not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding).  Consideration
of a motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.1987)
(orig.proceeding) (op. on reh’g).  A relator must establish the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.
-- Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App. -- Amarillo 2003, orig. proceeding).  

Relator has not provided a file-stamped copy of his motion
demonstrating it is actually pending in the trial court.  Absent a showing the
trial court is aware of and been asked to rule on a motion, relator has not
established his entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Brown, Boyce, and Jamison.

Do Not
Publish — Tex. R. App. P. 47.2(b).