Petition for Writ of Mandamus
Denied and Memorandum Opinion filed February 17, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00052-CR

____________

 

IN RE MICHAEL WAYNE BARNES, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

183rd District Court

Harris County, Texas

Trial Court Cause No. 1072414

 

 

 



M E M O R
A N D U M   O P I N I O N

            On January 20, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator complains that respondent, the
Honorable Vanessa Velasquez, presiding judge of the 183rd District Court of
Harris County, has failed to rule in a reasonable time on his motion for DNA
testing and appointment of counsel.

To be entitled to mandamus relief, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and
what he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007)
(orig.proceeding). Consideration of a motion that is properly filed and before
the court is a ministerial act.  State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A
relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the trial
court received, was aware of, and asked to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App. --
Amarillo 2003, orig. proceeding).  Filing something
with the district clerk's office does not mean the trial court is aware of it;
nor is the clerk's knowledge imputed to the trial court.  Id. at n. 2.

Relator has not provided file-stamped copies of his motion
demonstrating it is actually pending in the trial court.  Absent a showing the
trial court is aware of and has been asked to rule on his motion, relator has
not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 








Panel
consists of Justices Brown, Boyce, and Jamison.

Do Not
Publish — Tex. R. App. P. 47.2(b).