Petition for Writ of Mandamus
Denied and Memorandum Opinion filed February 17, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00085-CR

____________

 

IN RE FLAVIO LLIGUISACA, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

339th District Court

Harris County, Texas

Trial Court Cause No. 725310-A

 

 

 



M E M O R
A N D U M   O P I N I O N

            On January 31, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator complains that respondent, the
Honorable Maria T. Jackson, presiding judge of the 339th District Court of
Harris County, has failed to rule in a reasonable time on his motion for DNA
testing and appointment of counsel.

To be entitled to mandamus relief, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and
what he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007)
(orig.proceeding). Consideration of a motion that is properly filed and before
the court is a ministerial act.  State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A
relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the trial
court received, was aware of, and asked to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App. --
Amarillo 2003, orig. proceeding).  Filing something
with the district clerk's office does not mean the trial court is aware of it;
nor is the clerk's knowledge imputed to the trial court.  Id. at n. 2.

Relator has not provided file-stamped copies of his motion
demonstrating it is actually pending in the trial court.  Absent a showing the
trial court is aware of and has been asked to rule on his motion, relator has
not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 








Panel
consists of Justices Brown, Boyce, and Jamison.

Do Not
Publish — Tex. R. App. P. 47.2(b).