Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00347-CR



In Re La’Raun Henderson,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS

182nd District Court

Harris County

Trial Court
Cause No. 1146334



MEMORANDUM OPINION


On April 25, 2011, relator La’Raun Henderson filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52. In the petition, relator asks this
court to compel the Honorable Jeanine Barr, presiding judge of the 182nd
District Court of Harris County to provide him with a free copy of the record from
his previous trial.

In 2008, relator was found guilty of being a felon in
possession of a firearm, and sentenced to confinement for 30 years in the
Institutional Division of the Texas Department of Criminal Justice.  This court
affirmed his conviction in an opinion dated March 4, 2010.  See Henderson v.
State, No. 14-08-00971-CR; 2010 WL 724308 (Tex. App.—Houston [14th Dist.]
2010, pet. denied).  Attached to relator’s petition for writ of mandamus is a
motion requesting a free copy of the record from his trial.  The motion,
however, bears no file-stamp showing it was filed with the trial court, nor has
relator provided this court with proof that, if his motion was filed, the trial
court was made aware of the motion or asked to rule on it.

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision. State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). 
A relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re
Keeter, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). 
Filing something with the district clerk’s office does not mean the trial court
is aware of it; nor is the clerk’s knowledge imputed to the trial court.  In
re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig.
proceeding).  

Relator
has not provided file-stamped copies of any motions demonstrating they are
actually pending in the trial court.  Absent a showing the trial court is aware
of and has been asked to rule on his motion, relator has not established
entitlement to the extraordinary relief of a writ of mandamus.  Accordingly, we
deny relator’s petition for writ of mandamus.

                                                                                    PER
CURIAM

 

Panel consists of Justices Frost,
Jamison, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).