Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed July 21, 2011.

 

            

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00596-CR

NO. 14-11-00597-CR

____________

 

IN RE CRAIG SANDERS, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

405th District Court

Galveston County, Texas 

Trial Court Nos. 11CR0380 & 11CR0381

 

 

 



MEMORANDUM
OPINION

            On July 13, 2011, Relator, Craig Sanders, filed a petition
for writ of mandamus in this Court.  See Tex. Gov’t Code Ann §22.221
(Vernon 2004); see also Tex. R. App. P. 52.1.  Relator claims he was
denied the right to attend an examining trial “requested and properly filed
with the Galveston County District Clerk.”  Relator complains of the “Galveston
County District Courts” and the “Galveston County District Attornies [sic]
Office.”  Relator asserts he filed a motion for an examining trial but the
record contains no such motion.

            This Court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) all writs necessary to enforce the court of appeals' jurisdiction. 
Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  Because the petition for writ of
mandamus is not directed toward a district court judge or county judge, and is
not necessary to enforce this court’s jurisdiction, we have no jurisdiction.  See
Tex. Gov’t Code Ann. § 22.221(b)(1).

            Furthermore, to be entitled to mandamus relief, a relator
must show that he has no adequate remedy at law to redress his alleged harm,
and what he seeks to compel is a ministerial act, not involving a discretionary
or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)
(orig.proceeding). Consideration of a motion that is properly filed and before
the court is a ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A relator
must establish the trial court (1) had a legal duty to rule on the motion; (2)
was asked to rule on the motion; and (3) failed to do so.  In re Keeter,
134 S.W.3d 250, 252 (Tex. App. -- Waco 2003, orig. proceeding).  A relator must
show that the trial court received, was aware of, and asked to rule on the
motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App. -- Amarillo
2003, orig. proceeding).  Filing something with the district clerk's office
does not mean the trial court is aware of it; nor is the clerk's knowledge
imputed to the trial court.  Id. at n. 2.

Relator has not provided file-stamped copies of his motion
for examining trial demonstrating it is actually pending in the trial court. 
Absent a showing the trial court is aware of and been asked to rule on his
motion, relator has not established his entitlement to the extraordinary relief
of a writ of mandamus.  

 

            The petition for writ of mandamus is denied.

 

                                                            PER
CURIAM

 

Panel
consists of Justices Anderson, Brown, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b)