Petition for Writ of Mandamus
Denied and Memorandum Opinion filed September 15, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00749-CR

____________

 

IN RE ROBERT MONTGOMERY, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

174th District Court

Harris County, Texas

Trial Court Cause No. 1241141

 

 

 



M E M O R
A N D U M   O P I N I O N

            On August 31, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator complains that respondent, the
Honorable Ruben Geurrero, presiding judge of the 174th District Court of Harris
County, has failed to grant his motion for judgment nunc pro tunc.

To be entitled to mandamus relief, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and
what he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007)
(orig.proceeding). Consideration of a motion that is properly filed and before
the court is a ministerial act.  State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g).  A
relator must establish the trial court (1) had a legal duty to rule on the
motion; (2) was asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App. -- Waco 2003, orig. proceeding).  A relator must show that the trial
court received, was aware of, and asked to rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App. --
Amarillo 2003, orig. proceeding).  Filing something with
the district clerk's office does not mean the trial court is aware of it; nor
is the clerk's knowledge imputed to the trial court.  Id. at n. 2.

Relator has not provided file-stamped copies of his motion
for judgment nunc pro tunc demonstrating it is actually pending in the trial
court.  Absent a showing the trial court is aware of and been asked to rule on
his motion, relator has not established his entitlement to the extraordinary
relief of a writ of mandamus.  Accordingly, we deny relator’s petition for writ
of mandamus.

 

                                                                        PER
CURIAM

 








Panel
consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).