**Opinion of September 22, 2011, Withdrawn and Petition for Writ of Mandamus Denied and Corrected Memorandum Opinion filed September 27, 2011.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-11-00803-CR

———————

### IN RE ALPHONSO GRANT, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 605624**

## C O R R E C T E D   M E M O R A N D U M   O P I N I O N

This Court withdraws its opinion of September 22, 2011 and issue this corrected opinion in its place because of an incorrect trial court number.

On September 15, 2011, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Vanessa Valasquez, presiding judge of the 183rd District Court of Harris County, has failed to rule on his motion to obtain trial records.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act,

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig.proceeding) (op. on reh'g). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter,* 134 S.W.3d 250, 252 (Tex. App. -- Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal,* 96 S.W.3d 708, 710 (Tex. App. -- Amarillo 2003, orig. proceeding). Filing something with the district clerk's office does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court. *Id.* at n. 2.

Relator has not provided file-stamped copies of his motion demonstrating it is actually pending in the trial court. Absent a showing the trial court is aware of and been asked to rule on his motion, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).