**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 6, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00837-CR

### IN RE JACK RONALD GORDON III, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 624,335**

## MEMORANDUM OPINION

On September 28, 2011, relator Jack Ronald Gordon, III filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County to rule on his motion for judgment nunc pro tunc.

This court has authority to issue a writ of mandamus in a criminal law matter only if two conditions are met: (1) there is no adequate remedy at law; and (2) the act sought to be compelled is ministerial. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243

(Tex. Crim. App. 1991). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). To obtain mandamus relief, a relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

According to his petition, relator was convicted in 1992 of possession of cocaine and sentenced to 25 years in prison. Attached to relator's petition is a motion for judgment nunc pro tunc allegedly filed September 2, 2011, in which relator alleges he did not receive proper credit for time served while awaiting trial. Relator has not provided us with a record that shows that after he filed his motion, relator asked the trial court for a ruling on his motion and the trial court refused to rule.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).

2