**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 13, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00852-CR

_____

### IN RE MICHAEL LINN BEARD, JR., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1265797**

---

## M E M O R A N D U M   O P I N I O N

On October 3, 2011, relator Michael Linn Beard, Jr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County, has not granted his motion to enter judgment and sentence *nunc pro tunc* to award additional credit for time served in jail before his conviction for manslaughter.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is

a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has not established that the motion for entry of judgment and sentence *nunc pro tunc* was properly filed and that the trial court was asked to rule on it but failed to do so. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).