**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 20, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00866-CR**

_____

**IN RE MARCUS COFER, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1308665**

## MEMORANDUM OPINION

On October 10, 2011, relator Marcus Cover filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that the presiding judge of the 183rd District Court of Harris County, has not ruled on his motions to quash and for discovery, filed in his pending case in which he is charged with burglary of a habitation.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v.*

*Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).   Consideration of a motion that is properly filed and before the court is a ministerial act.   *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).   A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so.   *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has not provided this court with copies of the motions on which he requests rulings.   In addition, relator has not established that the motions were properly filed and that the trial court was asked to rule on them but failed to do so.   It is relator's burden to provide this court with a record sufficient to establish his right to relief.   *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).