**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 20, 2011**.



In The

# Fourteenth Court of Appeals

### NO. 14-11-00893-CR

### IN RE LEONARDO M. LOZANO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris, County, Texas**
**Trial Court No. 1277258**

## MEMORANDUM OPINION

On October 13, 2011, relator Leonardo M. Lozano filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court in Harris County, to "grant [his] day in court" or release him from custody.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App.

2007) (orig. proceeding). Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

In his petition for writ of mandamus, relator alleged he has been incarcerated for more than a year without a trial. He claims to have repeatedly requested that his trial go forward. Relator, however, attached no record to his petition for writ of mandamus evidencing a pending motion before the court on which the trial court has failed to rule. Further, to the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Absent a showing the trial court is aware of and been asked to rule on relator's request, relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).

2