**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals
———————

## NO. 14-11-00919-CR
———————

### IN RE DAVID LORENZA JOYNER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1278852**

---

## M E M O R A N D U M   O P I N I O N

On October 20, 2011, relator David Lorenza Joyner filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County, has not provided him a copy of the reporter's record from his trial in the underlying case.

On September 13, 2011, a jury convicted relator of theft, as a third offender, and appellant was sentenced to confinement for fifteen years in the Institutional Division of the

Texas Department of Criminal Justice. Relator filed a notice of appeal on September 14, 2011, and his appeal was docketed under this court's number 14-11-00807-CR. According to information provided to this court, relator also filed a motion for new trial. The record has not been filed in the appeal, and it is not due until January 11, 2012.[1] *See* Tex. R. 35.2(b) (when a timely motion for new trial has been filed, the record is not due in the appellate court until 120 days after the date sentence is imposed).

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has included with his petition a copy of a motion he filed in the trial court on September 28, 2011, requesting a hard copy of the reporter's record. Relator has not established that the trial court was asked to rule on his motion, but failed to do so. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Moreover, relator has an adequate remedy through his appeal should he fail to receive a copy of the reporter's record from the trial after it has been prepared and filed in

---

[1] One volume of reporter's record from the hearing on relator's pre-trial motions and pre-trial application for writ of habeas corpus heard on August 31, 2011, has been filed. Relator has been mailed a copy of the record from the pre-trial hearing.

this court.   Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).