**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 31, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00049-CR

———————

## IN RE LEONARDO M. LOZANO, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris, County, Texas**
**Trial Court Cause No. 1277258**

---

## M E M O R A N D U M   O P I N I O N

On January 20, 2012, relator Leonardo M. Lozano filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court in Harris County, to let him have his day in court or release him from custody.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial*

*Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

In his petition for writ of mandamus, relator alleged he has been incarcerated for more than 16 months without a trial and his right to a speedy trial has been violated. According to relator, he had appointed counsel and trial was set for December 5, 2011. On that day, the court appointed new counsel.

Attached to relator's petition is an application for writ of habeas corpus filed in the trial court. The application bears no file stamp, nor does it appear from the record that the trial court is aware of the application or has been asked to rule on it. Further, to the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Absent a showing the trial court is aware of and has been asked to rule on relator's request, relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Seymore, Brown, and Boyce.
Do Not Publish — TEX. R. APP. P. 47.2(b).