**Petition for Writ of Mandamus Denied in Part and Dismissed in Part and Memorandum Opinion filed June 5, 2012**.



In The

# Fourteenth Court of Appeals

### NO. 14-12-00472-CR

### IN RE RONNEY WEEMS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1194236**

## MEMORANDUM OPINION

On May 15, 2012, relator Ronney Weems filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the first paragraph of relator's petition, he asks this court to compel the presiding judge of the 182nd District Court in Harris County "to initiate process in relator's motion to reform

the judgment[.]"  In his prayer for relief, relator asks this court to compel his previous attorney to provide him with copies of his trial records.

Appellant's conviction for murder was affirmed by this court on December 20, 2011.  *See Weems v. State*, No. 14-10-00953-CR; 2011 WL 6579121 (Tex. App.—Houston [14th Dist.] Dec. 20, 2011, pet ref'd).   Appellant is seeking copies of his trial records.  Although he refers to a motion to reform the judgment, he has not attached any motions to his petition for writ of mandamus.

Consideration of a motion that is properly filed and before the court is a ministerial act.  *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding).  A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so.  *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding).  A relator must show that the trial court received, was aware of, and asked to rule on the motion.  *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Relator did not attach a copy of his motion demonstrating it is actually pending in the trial court. Therefore, to the extent relator asks this court to compel the trial court to "initiate process," we deny relator's petition.

With regard to relator's request that we direct his attorney to forward copies of his trial records, we deny the petition for want of jurisdiction.  This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code.  Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to:  (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction.  Tex. Gov't Code Ann. § 22.221.  Because the petition for writ of mandamus is directed toward an attorney

and is not necessary to enforce this court's jurisdiction, we have no jurisdiction. See Tex. Gov't Code Ann. § 22.221(b)(1).

Accordingly, the petition for writ of mandamus is denied with respect to the portion in which relator asks this court to compel the trial court to act. With regard to the portion of the petition in which relator asks this court to compel his attorney to act, the petition is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).