**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00497-CR

_____

## IN RE CHAD WOODS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1280573**

---

## M E M O R A N D U M   O P I N I O N

On May 24, 2012, relator Chad Woods filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, has failed to rule on his *pro se* motions for a speedy trial and to preserve evidence.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v.*

*Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding*); In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator acknowledges that he is represented by counsel in the court below. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). A trial court has no legal duty to rule on *pro se* motions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *Id.* Therefore, the trial court did not abuse its discretion of failing to rule on relator's motions.

In addition, relator has not provided this court with copies of the motions on which he seeks a ruling. *See* Tex. R. App. P. 52.7(a) (requiring relator to file a mandamus record containing certified or sworn copies of all documents material to his claim for relief). It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Relator has not established that the motions were properly filed and that the trial court was asked to rule on them but failed to do so.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).