**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Memorandum Opinion filed December 18, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-12-01062-CR
NO. 14-12-01063-CR
NO. 14-12-01064-CR
NO. 14-12-01065-CR
NO. 14-12-01066-CR
NO. 14-12-01067-CR
NO. 14-12-01068-CR

**IN RE KERRY LEE BEAL, Relator**

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
268th District Court
Fort Bend, Texas
Trial Court Cause Nos. 12-DCR-059320; 12-DCR-059320A; 12-DCR-059320B; 12-DCR-059451; 12-DCR-059451A; 12-DCR-059451B;-DCR-060479A

MEMORANDUM OPINION

On November 26, 2012, relator, Kerry Lee Beal, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, to conduct hearings and rule on various pre-trial motions and applications that he filed pro se.

In his petition, relator identified seven trial court cause numbers. Only three of those cause numbers are pending cases in the trial court, cause numbers 12-DCR-059451B for attempted murder; 12-DCR-059320B for arson; and 12-DCR-060479A for aggravated assault. *See In re Kerry Lee Beal*, Nos. 14-12-00985-CR; 14-12-00986-CR; 14-12-00987-CR; 14-12-00988-CR; 14-12-00989-CR; 14-12-00990-CR; and 14-12-00994-CR (Tex. App.—Houston [14th Dist.] Nov. 20, 2012, orig. proceeding) (not designated for publication). Accordingly, as to trial court cause numbers 12-DCR-059320; 12-DCR-059320A; 12-DCR-059451A; and 12-DCR-059451, relator's petition is dismissed in part.

Concerning the pending cases, to be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3)

2

failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator's petition reveals that counsel has been appointed to represent him in the criminal proceedings pending in the trial court. A criminal defendant is not entitled to hybrid representation; whether to allow representation partially by counsel and partially pro se is within the trial court's discretion. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson,* 240 S.W.3d at 922. Consequently, the trial court did not have a legal duty to rule on relator's requests for hearings or motions. With respect to relator's complaints regarding his counsel, a trial court's discretionary decision to deny hybrid representation cannot be reviewed by mandamus, and an appeal provides an adequate remedy for any denial of relator's right to self-representation. *E.g.*, *Alford v. State*, 367 S.W.3d 855 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (reversing conviction based on denial of right to self-representation); *In re McIntosh*, No. 04-12-00303-CR, 2012 WL 2125929, at *1 (Tex. App.—San Antonio June 13, 2012, orig. proceeding) (mem. op., not designated for publication); *In re Bohannan*, No. 09-11-00684-CV, 2011 WL 6747468, at *1 (Tex. App.—Beaumont Dec. 21, 2011, orig. proceeding) (mem. op., not designated for publication).

3

For these reasons, we deny the remainder of relator's petition for writ of mandamus (as to the pending cases 12-DCR-059451B; 12-DCR-059320B; and 12-DCR-060479A).


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).