**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 8, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00232-CR
NO. 14-14-00233-CR

## IN RE ESEQUIEL OCHOA, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
234th & 263rd District Courts
Harris County, Texas
Trial Court Cause Nos. 1026778 & 983043

## MEMORANDUM OPINION

On March 19, 2014, relator Esequiel Ochoa filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to rule on relator's motion for nunc pro tunc judgment.

Relator states in his petition that he filed his motion on January 10, 2014. To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Filing something with the district clerk's office does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court. *Id.* at n.2.

Relator has not provided a sufficient record in this original proceeding. Relator has not provided filed-stamped copies of his motion demonstrating that his motion is actually pending in the trial court. Moreover, relator has not shown that the trial court received the motion, was aware of the motion, or was asked to rule on the motion.

Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).