# NO. 12-14-00138-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRYAN G. WILSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Bryan G. Wilson petitions for a writ of mandamus complaining of the inaction of Cheryl Cartwright, District Clerk of Trinity County; Emily Wooten, coordinator for the 411th Judicial District Court of Trinity County; and the Honorable Kaycee L. Jones, Judge of the 411th Judicial District Court. We deny the petition.

## DISTRICT CLERK AND COURT COORDINATOR

Relator seeks mandamus relief against the district clerk and court coordinator for "refusal or failing to relay, respond or otherwise communicate or carry out ministerial and fiduciary duties to file, issue process and docket relator[']s properly filed motions. . . ."

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (West 2004). Unless necessary to enforce this court's jurisdiction, we have no authority to issue a writ of mandamus against a district clerk or court coordinator. *See id.*; ***In re Smith***, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding). Relator has not demonstrated that the exercise of our mandamus authority against either the district clerk or the court coordinator is necessary to enforce this court's jurisdiction. Consequently, we do not have jurisdiction to grant the relief requested against Respondents Cheryl Cartwright and Emily Wooten.

Relator complains that the trial court has failed to rule on his "Motion for Judgment of Acquittal." He contends that this failure constitutes a refusal to perform a ministerial act.

## Mandamus and Duty to Rule

Generally, mandamus is appropriate in a criminal case when a relator shows that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. ***State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana***, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is well settled that consideration of a motion that is "properly filed and before a court" is a ministerial act. *See, e.g.,* ***State ex rel. Curry v. Gray***, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). Thus, in appropriate cases, mandamus may issue to compel a trial court to rule on a motion. *See* ***In re Keeter***, 134 S.W.3d 250, 252 (Tex. App.– Waco 2003, orig. proceeding). But to be entitled to mandamus relief for a trial court's failure to rule on a motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. ***Id.***

After a conviction becomes final, the trial court's jurisdiction is limited to specific functions authorized by statute or as instructed by a higher court on remand. *See* ***State v. Holloway***, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012) (orig. proceeding). Unless the trial court has jurisdiction, mandamus is not available to compel the court to rule on a motion that is filed after the judgment becomes final. *See, e.g.,* ***Rabel v. Grace***, 335 S.W.2d 227, 228 (Tex. Crim. App. 1960).

A void judgment is a "nullity" and can be attacked at any time. ***Nix v. State***, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). A judgment for conviction of a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. ***Id.*** Although this list has not been characterized as exclusive, "it is very nearly so." *Id*. at 668.

**Relator's Claim**

The information provided by Relator shows that he has been convicted of a felony and his conviction is final. Nevertheless, he contends that the trial court has jurisdiction to rule on his "Motion for Judgment of Acquittal." He asserts in his petition that the following facts are undisputed:

On 4/9/2001 Jury sat, sworn, empaneled, instructed.

On 4/16/2001 Defense counsel, enters with waiver of jury and change of plea. Judge accepts both, Judge dismisses jury without verdict. Judge enters guilt/innocence of defendant.

On 4/17/2001 Judge begins bench trial of punishment phase and renders subsequent judgment of same.

In his motion, Relator reasons, in part, that (1) jeopardy attached when the jury was "sat, sworn, and empaneled," (2) his waiver and change of plea were involuntary because they were coerced by his defense counsel, and (3) defense counsel untimely submitted the waiver of jury and change of plea to the trial court. Therefore, he urges that the trial court's dismissal of the jury without a verdict following his jury waiver and change of plea was illegal because it deprived him of his right to trial by jury. As a result of this illegal act, Relator's argument continues, the trial court's plenary power was "frozen in position of the morning of 4-16-2001 [the date the jury was dismissed]." Consequently, the trial court did not have subject matter jurisdiction to proceed to a bench trial. Thus, Relator concludes that the resulting judgment of conviction is void. He concludes further that the trial court has subject matter jurisdiction, by way of its "frozen" plenary power, to rule on his Motion for Judgment of Acquittal, correct the wrong, and order an acquittal.

We are not familiar with the concept of "frozen" plenary power, nor do we read the authority cited by Relator as supporting such a concept. Moreover, Relator has not established that ruling on his Motion for Judgment of Acquittal falls within any specific trial court function authorized by statute. *See **Holloway***, 360 S.W.3d at 485 ("After a trial court has lost plenary jurisdiction, it may nonetheless re-acquire 'limited' jurisdiction to perform specific functions as authorized by statute or as instructed on remand by a higher court."). Nor has he shown that a higher court has instructed the trial court to rule on the motion. *See **id.*** And finally, none of the

circumstances identified in *Nix* that make a judgment void are present in this case. Therefore, we conclude that the trial court does not have jurisdiction to rule on Relator's motion. Because the trial court does have jurisdiction to rule on the motion, it likewise has no legal duty to do so. Absent a showing that the trial court has a legal duty to rule on his Motion for Judgment of Acquittal, Relator cannot satisfy the prerequisites for mandamus relief against the respondent trial court.

## DISPOSITION

Relator has failed to establish that he is entitled to mandamus relief against any of the three named respondents. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 11, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 11, 2014

NO. 12-14-00138-CR

**BRYAN G. WILSON,**
Relator
V.
**HON. KAYCEE L. JONES, CHERYL CARTWRIGHT, AND EMILY WOOTEN,**
Respondents

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **BRYAN G. WILSON**, who is the defendant in Cause No. 8427, pending on the docket of the 411th Judicial District Court of Trinity County, Texas. Said petition for writ of mandamus having been filed herein on May 30, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*