**Denied and Opinion Filed January 23, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00033-CV

## IN RE SENRICK WILKERSON, Relator

**Original Proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-00716-D**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Schenck
Opinion by Justice Schenck

Before the Court is relator's January 9, 2017 petition for writ of mandamus in which relator complains that the trial judge has not ruled on certain motions purportedly filed by relator, including a request for bench warrant and discovery requests. Relator asks this Court to order the trial court to forward the entire record to this Court, to examine the records, and to order the trial court to hold a hearing and rule on the motions.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S. W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3)

failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); TEX. R. APP. P. 52.3(k), 52.7(a).

Relator's petition for writ of mandamus is not certified as required by rule 52.3(j) and does not include an appendix or record that establishes what motions relator filed in the trial court or when they were filed. TEX. R. APP. P. 52.3(j); TEX. R. APP. P. 52.3(k)(1)(a) (appendix must contain certified or sworn copy of order complained of, or any other document showing the matter complained of); TEX. R. APP. P. 52.7(a) (relator must file with petition certified or sworn copy of every document material to relator's claim for relief). The petition also does not establish the manner in which relator has called these motions to the attention of the trial court. Absent proof that the motions were properly filed, and that the trial court has been requested to rule on the motions but refused to so, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See In re Florence*, 14-11-00096-CR, 2011 WL 553241, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2011, no pet.). Accordingly, we deny relator's January 9, 2017 petition for writ of mandamus.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170033F.P05

–2–