**DENY in Part, DISMISS in Part, and Opinion Filed August 7, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00689-CV

### IN RE ANDREA VENIOR JOHNSON, Relator

**Original Proceeding from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F02-73542-MA**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Whitehill
Opinion by Justice Brown

Before the Court is relator's June 19, 2017 petition for writ of mandamus in which relator complains that the trial court has not ruled on his motion to appoint counsel and motion for DNA testing. Relator also complains the trial court clerk and court reporter have not provided him copies of the trial court's records in his case. Relator's petition is not properly certified as required by rule 52.3(j) of the rules of appellate procedure and does not include an appendix and record containing the necessary contents set out in rule 52.3(k)(1) and rule 52.7(a). TEX. R. APP. P. 52.3(j), 52.3(k)(1)(a), 52.7(a). Although these deficiencies alone constitute sufficient reasons to deny mandamus relief, in the interest of judicial economy we address the petition.

To be entitled to mandamus relief in a criminal matter, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S. W.3d 207, 210 (Tex. Crim. App. 2007) (orig.

proceeding).  Consideration of a motion that is properly filed and before the court is a ministerial act.  *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so.  *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  It is relator's burden to provide the court with a record sufficient to establish his right to relief.  *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

Here, relator's petition does not include a record showing that he properly filed the motions, that he requested a hearing on the motions or asked the trial court to rule, or that the trial court has refused to rule. As such, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See In re Florence*, No. 14–11–00096–CR, 2011 WL 553241, at *1 (Tex. App.–Houston [14th Dist.] Feb. 17, 2011, no pet.) (absent proof that the motions were properly filed, and that the trial court has been requested to rule on the motions but refused to do so, relator has not established his entitlement to the extraordinary relief of a writ of mandamus).  Accordingly, we deny the petition for writ of mandamus as to relator's request that we order the trial court to rule on the motions.

As for relator's request that this Court direct the trial court clerk and court reporter to provide him with a copy of the record, this Court does not have jurisdiction to issue a writ of mandamus against a district clerk unless it is necessary to enforce our own jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004) (court of appeals may only issue writ of mandamus against district and county judges or as necessary to enforce jurisdiction of appellate court); *In re Wilkerson*, No. 05-16-00322-CV, 2016 WL 1320815, at *1 (Tex. App.—Dallas Apr. 5, 2016, orig. proceeding) (citing *In re Simpson*, 997 S.W.2d 939, 939 (Tex. App.—Waco 1999, orig.

proceeding)). Relator has no appeal pending in this Court and, therefore, our jurisdiction is not in jeopardy. Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction as to his request that we direct the trial court clerk and court reporter to provide him a copy of the records in his case.

/Ada Brown/
ADA BROWN
JUSTICE

170689F.P05